## SUPREME COURT — SPECIAL TERM — SCHENECTADY COUNTY.

### April, 1919.

## THE PEOPLE ex rel. HARVEY A. NEWTON v. WARDEN OF DANNEMORA PRISON.

(107 Misc. Rep. 48.)

(1.) HABEAS CORPUS—WRIT OF—WHEN RELATOR ENTITLED TO BE DISCHARGED ON—CRIMINAL LAW—BOARD OF PAROLE—PRISON LAW, §§ 216, 217.

When relator, who was paroled during the unexpired maximum of an indeterminate sentence to a State prison, was again convicted of a felony, given a definite sentence of imprisonment without reference to the fact that he was on parole and received into the actual custody of the warden of another prison, the board of parole is without power to suspend the second sentence until the completion of the service of the unexpired maximum of the first sentence.

(2.) SAME.

Where, therefore, while relator was serving the second sentence, the board of parole, pursuant to sections 216 and 217 of the Prison Law, declared him to be delinquent as of a date within the life of the second sentence, and a warrant issued for his arrest for a violation of his parole and directing his return to the first prison before the expiration of his second sentence was not executed at the expiration of the second sentence, which was beyond the time of the unexpired maximum of the first sentence, he is entitled to be discharged on habeas corpus on the ground that he is illegally detained in prison after the expiration of the second sentence.

HABEAS CORPUS proceedings.

*Arthur B. Kelly*, for petitioner.

*Charles D. Newton, Attorney-General (H. C. Henderson, Deputy Attorney-General*, of counsel), for respondent.

WHITMYER, J.:

Relator is applying under a writ of habeas corpus for his discharge from Clinton Prison. He claims that he is illegally detained. He was convicted under the name of Frank Irwin, in the Court of General Sessions of the city of New York, on September 18, 1912, of the crime of burglary in the third degree, and was sentenced to Sing Sing Prison under an indeterminate sentence with a minimum of one year and six months and a maximum of five years. He was received in Sing Sing on September 20, 1912, and was thereafter transferred to Great Meadow Prison, where he was paroled on March 19, 1914, pursuant to section 214 of the Prison Law. He was convicted in the same court on May 29, 1914, under the name of Harvey Newton, of an attempt to commit the crime of burglary in the third degree, and was thereupon sentenced to Sing Sing under a definite sentence of four years and was received there on June 5, 1914. The petition states that he was transferred to Great Meadow Prison on July 2, 1914, was taken before the board of parole on or about July 30, 1914, was transferred to Clinton Prison on August 1, 1914, and is there now. The return states that a warrant for his arrest for violation of his parole was issued on June 15, 1914, and that he was declared to be delinquent on June 19, 1914, pursuant to sections 216 and 217 of the Prison Law. A copy of the warrant is annexed to the return. It directs that relator be retaken and returned to Great Meadow and into the actual custody of the agent and warden thereof before the expiration of his term at Sing Sing. The return shows nothing further. After it was filed, respondent filed a letter, dated June 16, 1914, from the superintendent of prisons to the agent and warden of Sing Sing, to the effect that he was enclosing a warrant for relator's return to Great Meadow. At the same time, respondent filed an extract from the minutes of the board of parole. The extract shows that the board held a meeeting at Great Meadow

on June 19, 1914, at which relator was declared to be delinquent and that his delinquency was to take effect from that date. And it contained a statement, referring to relator, as follows: " Under arrest for burglary, warrant filed." The warrant was not executed and relator was actually serving his sentenced in Sing Sing when it was issued and when the board declared him to be delinquent. He has not served or filed a traverse and no evidence has been taken. He claims that he was not arrested by virtue of a warrant under section 217 of the Prison Law, that all proceedings of the board of parole, while has was serving in Sing Sing, were illegal and void, that he should have been returned to and imprisoned in Great Meadow, and that he was entitled in any event to be discharged on May 29, 1918. Respondent claims that the unexpired portion of the first sentence must be added to the second sentence, making seven years and three months from June 5, 1914, and that his imprisonment will end on September 5, 1921, or, if he becomes entitled to commutation and compensation, on May 4, 1920. Section 214 of the Prison Law provides that a paroled prisoner shall remain, while on parole, in the legal custody and under the control of the agent and warden of the state prison from which he is so paroled, until the expiration of the maximum term specified in his sentence. Section 215 provides that, if the agent and warden of the prison from which he was paroled, or the board of parole, or any member thereof, shall have reasonable cause to believe that he has violated his parole and has lapsed or is probably about to lapse into criminal ways or company, then, such agent and warden or board or member may issue a warrant for retaking him. Section 216 authorizes and requires any officer of said prison, any parole officer, or any officer authorized to serve criminal process within this State, to whom such warrant shall be delivered, to execute it by taking and reurning him to the said prison within the time specified in the warrant. Section 217 provides that the board

shall be notified that such a warrant has been issued at its next meeting held at such prison after it has been issued. And it provides that the prisoner, if he shall have then been returned to said prison, shall be given an opportunity to appear before the board and that the board thereupon, or in case he has not yet been returned, may declare him to be delinquent, whereupon he shall, whenever arrested by virtue of said warrant, be thereafter imprisoned in said prison for a period equal to the unexpired maximum term of his sentence at the time such delinquency is declared, unless he is sooner released on parole or absolutely discharged by the board. While relator was upon parole, he was subject to arrest, if he lapsed or was about to lapse into criminal ways or company, and he was subject, also, to arrest, trial, conviction and punishment, if he committed another crime. He committed a felony and was arrested, tried, convicted and sentenced therefor to Sing Sing under a definite sentence of four years. The sentence was imposed on May 29, 1914. It was imposed without reference to the fact that he was out upon parole. He was received at Sing Sing on June 5, 1914. While he was serving there and on June 15, 1914, a warrant for his arrest for violation of his parole was issued. The warrant directed that he should be returned to Great Meadow before the expiration of his term at Sing Sing. It was not executed. While he was still serving at Sing Sing and on June 19, 1914, the board of parole, sitting at Great Meadow, declared him to be delinquent and stated that his delinquency was to take effect from that date. He was taken to Great Meadow on July 2, 1914, was taken before the board after that and, on August 1, 1914, was transferred to Clinton Prison, where he has since remained. Section 217 of the Prison Law states that a prisoner, whenever arrested by virtue of such a warrant, shall be thereafter imprisoned in the prison from which he has been paroled for a period equal to the unexpired term of his sentence at the time that his delinquency is declared.

He was declared to be delinquent on June 19, 1914, and his delinquency was to take effect from that date. And the maximum term of the first sentence was to expire on September 19, 1917. From this it appears that he was serving the unexpired maximum of the first sentence while he was serving under his second sentence, unless the board had the power to interfere with and suspend the second sentence until the completion of the service of the unexpired maximum of the first sentence. The law gives no such power and the board did not have it. Moreover, there is nothing to show that the board intended that. Relator was actually serving in Sing Sing and was in the actual custody of the warden of that prison, when he was declared to be delinquent, and the board was without power to compel his surrender, for the completion of his first sentence, notwithstanding the provision as to his legal custody and control, until he completed his sentence there. And, since a warrant was not executed at that time, he should be discharged.

Ordered accordingly.