## SUPREME COURT — SPECIAL TERM — SCHENECTADY COUNTY.

### June, 1919.

## THE PEOPLE ex rel. IRWIN v. WILLIAM J. HOMER, Warden.

### (107 Misc. 677.)

HABEAS CORPUS*—WHEN PRISONER WILL BE RELEASED ON WRIT OF—VIOLA-TION OF PAROLE—PRISON LAW, § 214.

Where a prisoner serving an indeterminate sentence with a maximum of five years is released on parole; straightway commits another crime and is sentenced to four years in Sing Sing, and a warrant is then issued for his arrest for violation of his parole directing that he be retaken and returned to Great Meadow Prison before the expiration of his term at Sing Sing, and he is later declared to be a delinquent by the parole board, that warrant may not be executed after the expiration of his four-year term, at which time the five-year maximum of his first sentence had also expired. When arrested and held thereunder he will be released on habeas corpus.

The warrant had expired before its attempted execution since its life, as fixed by its terms, namely, the duration of the prisoner's sentence at Sing Sing, had expired.

Moreover under section 214 of the Prison Law the prisoner was not in the legal custody of the warden of Great Meadow Prison after the expiration of the maximum term specified in his first sentence, and the parole board could not extend that term beyond the maximum.

HABEAS CORPUS proceedings.

*Arthur B. Kelly,* for petitioner.

*Charles D. Newton,* Attorney-General (*Blaine F. Sturgis* and

---

* See notes, Vol. 15, p. 152; Vol. 23, p. 55.

*Henry C. Henderson,* Deupty Attorneys-General, of counsel), for respondent.

WHITMYER, J.:

Relator's sister is applying for relator's discharge from Great Meadow Prison at Comstock, N. Y., under a writ of habeas corpus. Relator was convicted of burglary in the third degree on September 18, 1912, and was sentenced to Sing Sing Prison under an indeterminate sentence, with a minimum of one year and six months and a maximum of five years. He was received in Sing Sing on September 20, 1912, and was thereafter transferred to Great Meadow, where he was paroled on March 19, 1914. While out on parole he committed another felony for which he was convicted on May 29, 1914, under the name of Harvey A. Newton. He was sentenced to Sing Sing on that day under a definite sentence of four years and was received in the prison on June 5, 1914. While he was serving there and on June 15, 1914, a warrant was issued for his arrest for violation of his parole. The warrant directed that he should be retaken and returned to Great Meadow into the actual custody of the agent and warden thereof, before the expiration of his term at Sing Sing. It was not executed, but he was taken to Great Meadow, where he appeared before the parole board on June 19, 1914, and was declared to be a delinquent. The minutes of the board state that his delinquency was to take effect from that date. Thereafter and on August 1, 1914, he was transferred to Dannemora Prison. In December, 1918, while he was serving there, he applied for his discharge under a writ of habeas corpus, under the name of Harvey A. Newton. (People ex rel. Newton v. Warden, etc., 107 Misc. Rep. 48.) The writ was returnable on December 21, 1918. An order for his discharge thereunder was made on February 25, 1919. He was discharged on March 8, 1919, but was immediately arrested under the warrant of June 15, 1914, which had never

been executed, and was taken to Great Meadow to serve the unexpired maximum of his first sentence. And he was taken before the parole board on March 17, 1919, but the record fails to show what proceedings were taken at that time. He claims, among other things, that the warrant was void at the time that it was executed and that the parole board had no jurisdiction over him, because the maximum term of his sentence had expired. Section 216 of the Prison Law authorizes and requires any officer of a prison, from which a prisoner has been paroled, any parole officer, or any officer authorized to serve criminal process within the State, to whom a warrant for retaking a paroled prisoner shall be delivered, to execute it by taking and returning him to the prison within the time specified in the warrant. In this case, the warrant directed that relator should be taken and returned to Great Meadow before the expiration of his term at Sing Sing. The warrant was issued on June 15, 1914. At that time, relator was serving under his second sentence, which had commenced on May 29, 1914, and was to expire, not considering commutation or compensation, on May 28, 1918. The warrant was executed on March 8, 1919. At that time his term at Sing Sing had expired and the life of the warrant, as fixed by its terms, had expired. In the next place section 214 provides that a paroled prisoner shall remain while on parole in the legal custody and under the control of the agent and warden of the prison from which he is paroled until the expiration of the maximum term specified in his sentence. The maximum of the first sentence expired on September 19, 1917. So that relator was not in the legal custody of the warden of Great Meadow, at the time that the warrant was executed and the board may not extend his term beyond said maximum. Finally, relator had been discharged and was not under the jurisdiction of the parole board, when the warrant was executed. It is true section 217 provides that a parole violator shall, upon being declared to be delinquent

and whenever he is arrested, be thereafter imprisoned in the prison from which he has been paroled for a period equal to the unexpired maximum of his sentence at the time that such delinquency is declared, but the section must be read in connection with the other sections to which attention has been called. This conclusion does not conflict with the decision in the other proceeding. The ground of the discharge in that proceeding was that the warrant was not executed. What was said about the want of power of the parole board to compel relator's surrender for the completion of his first sentence, while he was serving his second sentence, was not intended as and was not a decision that the warrant under the existing situation could be executed after the expiration of his second sentence. That question was not raised or decided. The difficulty in the matter could have been avoided at the time that the second sentence was imposed. As it stands relator should be discharged.

Ordered accordingly.